United States District Court
Southern District of Texas
**ENTERED**
June 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KARINA B SALAZAR HERNANDEZ, §
§
Petitioner, §
§
VS. § CIVIL ACTION NO. 4:26-CV-02516
§
MARKWAYNE MULLINS, *et al.*, §
§
Respondents. §

## ORDER OF DISMISSAL

The petitioner, Karina B. Salazar Hernandez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition and attached exhibits reflect that Petitioner is a noncitizen who entered the United States without inspection and has since been placed in removal proceedings.

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 4

Doc. No. 1 at 14. Petitioner does not allege or show that she has been lawfully admitted into the United States. Because Petitioner entered without inspection and has not obtained lawful status, she is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). Her arguments regarding bond hearings under 8 U.S.C. § 1226(a) and its implementing regulations are foreclosed by *Buenrostro-Mendez*.

In addition, Petitioner's Fifth Amendment due process claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Likewise, her Fifth Amendment equal protection claim is unavailing because she fails to identify a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, and she does not state facts to show that she falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in *Buenrostro-Mendez*. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) (rejecting equal protection claims regarding continued detention brought by alien juveniles who did not have close relatives to serve as guardians because they were distinct from alien juveniles with close relatives available to serve as guardians and different from American juveniles in delinquency proceedings who were citizens).

2 / 4

In addition, her claims under the Administrative Procedure Act ("APA") fail because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704; *accord Jimenez v. Noem*, Civ. A. No. H-25-5853, at Doc. No. 10 at 5 (S.D. Tex. Feb. 10, 2026) (holding that the petitioner was not entitled to relief under the APA where he was able to challenge his detention through habeas corpus); *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (agreeing with the majority "that habeas corpus, not the APA, is the proper vehicle" where habeas corpus is an available remedy). Similarly, her Suspension Clause claim fails because habeas is available to challenge immigration detention.

Finally, her claims regarding the procedures used for her arrest under the *Accardi* doctrine[2] fail because the regulation she invokes, 8 C.F.R. § 287.8, does not provide a cause of action in federal court because § 287.12, outlining the scope of part 287, provides, in relevant part: "These regulations do not, are not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal." 8 C.F.R. § 287.12. Therefore, she has no substantive claim in this habeas proceeding under *Accardi* regarding the procedures used for her arrest. She does not show that her detention violates the Constitution.

Therefore, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DISMISSED**.

---

[2] *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (asserting the principle that agencies are bound to abide by their own regulations or internal procedures).

2. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this ____ 25th ____ day of June 2026.

         ANDREW S. HANEN
         UNITED STATES DISTRICT JUDGE